IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL L. BLACKBURN,**

    **Plaintiff,**

    v.                                                                  **CASE NO. 24-3183-JWL**

**JOSEPH REYES, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was in custody at the Wilson County Jail in Fredonia, Kansas. Plaintiff has since been released from custody. The Court granted Plaintiff leave to proceed in forma pauperis. On December 13, 2024, the Court entered a Memorandum and Order (Doc. 6) ("M&O") finding that the proper processing of Plaintiff's claims could not be achieved without additional information, and directing Neodesha Police Department ("NPD") officials to prepare and file a *Martinez* Report. The M&O provides that "[o]nce the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915A." (Doc. 6, at 8.) The *Martinez* Report (Doc. 12) (the "Report") was filed, and on March 7, 2025, the Court entered a Memorandum and Order (Doc. 17) ("M&O II") granting Plaintiff until April 7, 2025, in which to respond to the Report and to show good cause why his claims should not be dismissed for the reasons set forth in the M&O II. Plaintiff has failed to respond by the Court's deadline.

Plaintiff's factual allegations are set forth in detail in the M&O. In summary, Plaintiff claims that NPD officers used excessive force when arresting him in March 2023. The Court viewed the body camera videos submitted as exhibits to the Report, and found in the M&O II that:

> the Report accurately describes the incident as captured on the videos. Considering the *Graham* factors, the Report shows that Plaintiff was violating a PFA order by being on the property, and that he refused multiple requests for him to leave the property over a span of over 35 minutes. Plaintiff did not come out of the trailer with his hands up in a "surrender position," but rather the officer had to pull the door open. Plaintiff's hands were full of items, at his side, and moving around. At no point were his hands above his head. The officers had to grab his arms and lead him out of the trailer. Plaintiff does not put his hands behind his back, but asks why they are trying to handcuff him. The video shows Plaintiff hanging onto the fence instead of cooperating with the officer's attempts to handcuff him. At no point does the video show Plaintiff's neck pressed against the spikes at the top of the chain link fence. Plaintiff appears to be actively resisting at the precise moment the officers employed the challenged use of force, and the force ceased once the resistance ceased.
>
> The video does not show officers carrying Plaintiff to the patrol car. They helped him up and helped him walk to the vehicle. The video does not show EMS purposefully dripping saline on his shorts or legs, and at no point does he mention anything about his teeth. The video does not show Officer Reyes taunting him from outside the patrol car. Officer Reyes placed Plaintiff in the vehicle and then returned to the trailer to take photographs. When he returned a couple of minutes later Plaintiff was removed from the vehicle and assessed by EMS.

(Doc. 17, at 8–9.)

The Court also noted that online district court records show that Plaintiff pleaded no contest to: 1) Interference with LEO; obstruct/resist/oppose misdemeanor warrant service or execution; 2) Possession of marijuana; and 3) Use/possess w/intent to use drug paraphernalia into human body. *See State v. Blackburn*, Case No. 2023-CR-000054 (District Court of Wilson County, Kansas). The Court noted in the M&O that if Plaintiff's claim in this case would necessarily imply the invalidity of his conviction, the claim may be barred by *Heck*. *See Heck v. Humphrey*, 512 U.S. 477 (1994). The Court found that although an excessive force claim is not necessarily inconsistent with a conviction for assaulting an officer, in this case, Plaintiff alleges that officers used excessive force when they removed him from the trailer and placed him in

handcuffs. Plaintiff pled no contest to Interference with LEO—obstruct/resist/oppose misdemeanor warrant service or execution. Nothing in the Report or videos shows that force was used after Plaintiff was restrained. The Court found that Plaintiff's excessive force claim was subject to dismissal.

The Court directed Plaintiff to show good cause why his claims should not be dismissed for the reasons set forth in the M&O II. The M&O II provides that "[f]ailure to respond by the Court's deadline may result in dismissal of this action without further notice for failure to state a claim." (Doc. 17, at 11.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why his claims should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated April 17, 2025, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE